# UNITED STATES DISTRICT COURT
## District of Connecticut

### AMENDED JUDGMENT JUDGMENT IN A CRIMINAL CASE

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Nos.: 3:21-cr-00048-JAM-1 |
| | 3:22-cr-00153-JAM-1 |
| | USM No.: 42097-509 |
| v. | |
| NICOLE M. STEINER, aka | |
| NICOLE M. BALKAS | David Tien-Wei Huang, Assistant U.S. Attorney |
| | Stephen V. Manning, Defendant's Attorney |

**Date of Original Judgment:** November 14, 2022

**Reason for Amendment:** Correction of clerical error regarding title and section of the offenses (Fed. R. Crim. P. 36)

Defendant pled guilty to Count 1 of the information filed in case number 3:21-cr-00048-JAM-1 and Count 1 of the information filed in case number 3:22-cr-00153-JAM-1.

Accordingly, the defendant is adjudicated guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| Title 18, United States Code, §§1347 | Health Care Fraud | October 28, 2020 | 1 of the information in 3:21cr48(JAM) |
| Title 18, United States Code, §1347 and 3147(l) | Health Care Fraud | February 17, 2022 | 1 of the information in 3:22cr153(JAM) |

The following sentence is a variance from the U.S. Sentencing Guidelines and is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**
Defendant is ordered committed to the custody of the Federal Bureau of Prisons to be imprisoned for 24 months in the matter of 3:21-cr-00048-JAM-1 and 14 months in the matter of 3:22-cr-00153-JAM-1 of which the first 2 months to be served concurrent with the sentence imposed in 3:21-cr-00048-JAM-1 and the remaining 12 months to be served consecutive to the sentence imposed in 3:21-cr-00048-JAM-1 for a **total effective sentence of 36 months**.

**SUPERVISED RELEASE**
Upon release from imprisonment, Defendant shall be on Supervised Release for a total term of 3 years.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

1. You must complete 150 hours of community service within the first 3 years of supervision. The community service hours shall be completed at a program approved, in advance, by the United States Probation Office. The probation officer will supervise the participation in the community service program by approving the program. You must provide written verification of completed community service hours to the probation officer.

2. You must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. You must not add any new names to any lines of credit, and you must not be added as a secondary card holder on another's line of credit.

3. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The Probation Office may share financial information with the U.S. Attorney's Office.

4. You must not encumber personal homes or investment properties without the permission of the Court and shall not transfer, sell, give away, barter, or dissipate in any way any assets, including personal property (ie: motor vehicles, recreational vehicles) without the express permission of the probation officer and notification to the Court.

5. You must pay any restitution that is imposed by this judgment in a lump sum. If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $200 per month or 10% of your gross monthly income, whichever is greater, during your term of supervised release. The monthly payment schedule may be adjusted based on your ability to pay as determined by the probation officer and approved by the Court.

6. You must participate in a program recommended by the Probation Office and approved by the Court for mental health treatment. You must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

7. You must participate in a cognitive-behavioral treatment program recommended by the Probation Office and approved by the Court. You must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay all or a portion of costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

8. You may not work as a behavioral technician or in a behavioral services related field.

9. You may not work in any capacity that involves billing Medicaid related services or any health insurance related services, whether such health insurance is private or government-funded. To the extent that you secure employment, it shall be W-2 employment, and paystubs are to be provided to the Probation Office as requested.

**CRIMINAL MONETARY PENALTIES**

Defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 is imposed for each count for a total of $200.00 to be paid to the Clerk of the Court. |
| **Fine:** | Waived |
| **Restitution:** | $497,460.90 in 3:21-cr-00048-JAM-1 plus $8,494.66 in 3:22-cr-00153-JAM-1 for total restitution of $505,955.56. Separate restitution orders shall follow in each of the cases. |

It is further ordered that Defendant will notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are paid.

The following Counts have been dismissed: NA

**JUDICIAL RECOMMENDATION TO THE BUREAU OF PRISONS**

The Court recommends Defendant be designated to the Camp at FCI Danbury to maintain family relationships.

Date of Imposition of Sentence:  November 1, 2022

__/s/_____
Jeffrey A. Meyer, United States District Judge

Date: November 22, 2022

## CONDITIONS OF SUPERVISION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

1. You shall not commit another federal, state or local crime.
2. You shall not unlawfully possess a controlled substance.
3. You shall refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ■ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ■ You must cooperate in the collection of DNA as directed by the Bureau of Prisons or probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
           Defendant                                                    Date

_____    _____
U.S. Probation Officer/Designated Witness                 Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

                                                                         _____
                                                                             Lawrence Bobnick
                                                                      Acting United States Marshal

                                            By   _____
                                                                             Deputy Marshal